IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY**<br>30339 DIAMOND PARKWAY, #102<br>GLENWILLOW, OHIO 44139<br><br>          Plaintiff,<br>v.<br><br>**DAVID OLSEN D/B/A GRAV37**<br>21022 W. BOULDER DRIVE<br>PLAINFIELD, IL  60544<br><br><br>          Defendant. | CASE NO:<br><br>JUDGE: |

**COMPLAINT**
**(JURY DEMAND ENDORSED HEREIN)**

Plaintiff The NOCO Company d/b/a NOCO ("***Plaintiff***") by and through counsel, and for its Complaint against Defendant David Olsen d/b/a grav37 ("***Defendant***"), states as follows:

**INTRODUCTION**

1. Defendant is engaged in the unauthorized sale of products distributed by, and willfully infringing upon the intellectual property of, Plaintiff. These unauthorized sales and infringing activities are illegal, have harmed, and will continue to harm Plaintiff.

## PARTIES

2. Plaintiff designs, manufactures, and sells battery chargers, portable power devices, and related battery products and accessories (collectively, the "**Products**").

3. Defendant is selling the Products and using Plaintiff's proprietary intellectual property in connection with such sales without the authority or consent of Plaintiff.

## JURISDICTION/VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1338.

5. Pursuant to Ohio Revised Code Section 2307.382, this Court has personal jurisdiction over Defendant because Defendant has caused tortious injury in the State of Ohio.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

### *Plaintiff's Business*

7. Plaintiff sells the Products on its website (https://no.co/), to wholesalers and authorized resellers (each, a "**Reseller**" and together, "**Resellers**"), and through online stores such as eBay.com.

8. When Plaintiff sells to Resellers it enters into contracts with such sellers ("**Reseller Agreements**").

9. Resellers may only sell the Products pursuant to a Reseller Agreement.

10. Plaintiff uses Reseller Agreements in order to promote fair competition between Resellers and to protect its brand, its goodwill, and its valuable intellectual

property, including its proprietary images, designs, and content ("**Copyrights**") and the registered trademarks, including the trademarks NOCO® and NOCO GENIUS® ("**Trademarks**").

11. The Reseller Agreements limit Resellers' use of the Copyrights and Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products. An example of such an agreement is attached as Exhibit A.

12. The Reseller Agreements only permit sales of the Products to retail consumers and expressly prohibit bulk sales or sales to wholesalers. *See* Exh. A.

13. The Reseller Agreements also specify that any warranties associated with the Products are only valid when sold by Resellers. *Id.*

### *Defendant Begins Selling the Products Without Authorization*

14. At least since January 31, 2019, Plaintiff has been aware, and has so notified Defendant, that Defendant was selling the Products and using Plaintiff's Copyrights and Trademarks without authorization and without Plaintiff's consent.

15. Defendant sells the Products online on www.eBay.com as eBay seller grav37, and possibly other websites.

16. Upon information and belief, Defendant purchases the Products from Resellers.

17. Upon information and belief, the Resellers from which Defendant purchases the Products have Reseller Agreements with Plaintiff.

18. Upon information and belief, Defendant induces Resellers to sell the Products to Defendant in bulk for the purpose of resale.

19. Upon information and belief, as of the date of this filing, Defendant continues to violate Plaintiff's contractual and intellectual property rights.

### *Plaintiff Demands Defendant Cease Selling the Products*

20. On March 15, 2019, undersigned counsel sent a letter informing Defendant that it was, *inter alia*, selling the Products without authorization and that such sales violated Plaintiff's rights in the Copyrights and the Trademarks (the "***Letter***"). The Letter is attached as Exhibit B.

21. The Letter also put Defendant on notice of Plaintiff's claims, and requested that Defendant cease such conduct immediately.

22. As of the date of this filing, Defendant has failed to cease selling the Products and continues to violate Plaintiff's rights.

23. Defendant's continued use of the Copyrights and Trademarks after receiving the Letter willfully infringes on Plaintiff's rights in the Copyrights and Trademarks.

### Count One
### Declaratory Judgment/Injunctive Relief

24. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

25. An actual and justiciable controversy exists between Plaintiff and Defendant related to whether Defendant has the right to sell the Products without Plaintiff's consent and in violation of Plaintiff's rights in the Trademarks.

26. The Court, pursuant to O.R.C. § 2721.03 and Fed. R. Civ. P. 57, should declare that Defendant has no right or authorization to sell the Products, or use the

Trademarks, as these actions have harmed and continue to harm Plaintiff in an amount to be determined at trial.

27. The Court should further declare that the Letter gave Defendant actual notice that it was not authorized to use the Trademarks, and that Defendant's continued willfull use violates Plaintiff's rights in the Trademarks.

28. Such a declaration is proper, pursuant to O.R.C. §§ 2721.03 and 2721.06, because it would "terminate the controversy between the parties" and "remove an uncertainty" with respect to this issue.

29. Additionally, the Court should enjoin Defendant from any further sales of the Products and use of the Trademarks.

## Count Two
### Unfair Competition

30. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

31. Defendant's actions, including, but not limited to, its unauthorized sale of the Products and its unauthorized use of the Trademarks constitute unfair competition.

32. Defendant's actions have damaged Plaintiff in the form of, *inter alia*, lost sales, interference with prospective business relationships, trademark infringement, trademark dilution, and tarnishment.

33. As a direct and proximate cause of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Three
### Tortious Interference with Contract

34. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

35. The Reseller Agreements are valid binding contracts between Plaintiff and each Reseller.

36. At least since receiving the Letter, Defendant has been aware of these contracts and the prohibition against bulk sales to unauthorized resellers.

37. Despite this knowledge, Defendant induced such Reseller to sell the Products to Defendant in breach of the Reseller Agreement.

38. Defendant improperly interfered with Plaintiff's contractual relationships with its Resellers.

39. As a direct and proximate cause of Defendant's interference, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Four
### Trademark Infringement (15 U.S.C. § 1114)

40. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

41. Plaintiff is the owner of the Trademarks (e.g. NOCO® and NOCO GENIUS®).

42. Defendant uses the Trademarks in connection with its sale of the Products without Plaintiff's authorization or consent.

43. Defendant's use of the Trademarks is likely to cause confusion among consumers as to the source and origin of the Products.

44. Plaintiff informed Defendant that its sales of the Products infringed on Plaintiff's rights in the Trademarks.

45. Defendant's continued use of the Trademarks constitutes willful trademark infringement pursuant to 15 U.S.C. § 1114.

46. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

### Count Five
### Trademark Dilution (15 U.S.C. § 1125)

47. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

48. The Trademarks are well known and distinctive within the battery and chargeable battery industry.

49. Defendant's use of the Trademarks is causing the willful dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

50. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

### Count Six
### Ohio Deceptive Trade Practices (O.R.C. § 4165.02)

51. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

52. Defendant's unauthorized use of the Trademarks is likely to cause confusion as to the source of the Products in violation of O.R.C. § 4165.02(A)(2).

53. Defendant's unauthorized use of the Trademarks creates the misperception that Defendant and Plaintiff are affiliated, which violates O.R.C. § 4165.02(A)(3).

54. As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. As to Count One, a declaratory judgment declaring that Defendant is unauthorized to sell the Products and is willfully violating Plaintiff's rights in the Trademarks, and permanently enjoin Defendant from any further sales of the Products;

B. As to Count Two, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of the proceeds from its unauthorized sales of the Products, and permanently enjoin Defendant from unfairly competing with Plaintiff by further selling the Products;

C. As to Count Three, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of the proceeds from its unauthorized sales of the Products, and permanently enjoin Defendant from interfering with Plaintiff's contractual relationships with its Resellers by further selling the Products;

D. As to Count Four, pursuant to 15 U.S.C. § 1117(a), award Plaintiff up to three times its actual and compensatory damages to be determined at trial, which exceed $25,000, as well as Plaintiff's attorney fees and costs, disgorge Defendant of all proceeds from its unauthorized sales of the Products, and permanently enjoin Defendant from using, and consequently willfully infringing on, the Trademarks;

E. As to Count Five, pursuant to 15 U.S.C. § 1117(a), award Plaintiff up to three times its actual and compensatory damages to be determined at trial, which exceed $25,000, as well as Plaintiff's attorney fees and costs, disgorge Defendant of all proceeds from its unauthorized sales of the Products, and permanently enjoin Defendant from using, and consequently willfully infringing on, the Trademarks; and

F. As to Count Six, award compensatory damages in an amount to be determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge Defendant of its profits from all unauthorized sales of the Products, and permanently enjoin Defendant from selling the Products in violation of O.R.C. § 4165.02.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*

JON J. PINNEY (0072761)
SEAN P. MALONE (0076353)
DAVID R. POSTERARO (0024661)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; spm@kjk.com; drp@kjk.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

*/s/ Jon J. Pinney*

JON J. PINNEY